## STATE *v.* MOORE.

1.  Where the indictment charges the offence of stealing a cow of the value of $15, there is no error in proceeding to a trial without an arraignment, whatever may be the real value of the property stolen.
2.  The indictment having charged a value of $15, the defendant having been convicted, and the Circuit Judge having refused a new trial, this

------------

[1] This completes the cases of April Term, 1888.—REPORTER.

court cannot interfere, even though there be testimony that the property was worth $25.

3. If a witness gives hearsay evidence after a ruling by the trial judge that such evidence is incompetent, appeal is not the remedy.

4. A leading question was properly ruled out.

5. Sentencing defendant after his conviction, without a notification to his counsel, is not error of law.

6. Section 2489 of the General Statutes provides a punishment for the larceny of live stock without regard to value, and section 2498 provided a punishment for stealing property under the value of $20. These sections being construed together, section 2498 did not apply to live stock when enacted, nor when amended by act of 1887 (19 Stat., 819), limiting the punishment within the jurisdiction of a trial justice. Therefore, the stealing of a cow of the value of $15 is triable in the Court of General Sessions, and is punishable under section 2489.

Before PRESSLEY, J., Williamsburg, October, 1888.

The opinion states the case.

*Mr. J. C. James*, for appellant.

*Mr. Wilson*, solicitor, contra.

January 3, 1889.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The defendant, Moore, was indicted and tried with one Samuel Eaddy in the Court of General Sessions for Williamsburg County under a charge of cow stealing, the value of the cow being alleged in the indictment at $15.   There was no arraignment, and five challenges were had. No objection was interposed to this until after the testimony of the prosecution had closed.   One of the witnesses for the State had said the cow was worth $25, though it appeared afterwards that the cow had been sold for $15.   The defendants were found guilty, and Moore was sentenced to one year at hard labor in the penitentiary, after motion for a new trial was heard and overruled.

Moore has appealed upon the grounds following: "1st. Because his honor erred in refusing to grant a new trial.   2nd. Because the defendant was not regularly arraigned.   3rd. Because his honor permitted the witness (Sauls), after objection by the defendant, to give in evidence what he (Sauls) had heard.   4th. Be-

cause the defence was not permitted to ask the witness, Eaddy, a question, which question was not fully stated, but was overruled without the court knowing what it was. 5th. Because the sentence, as appears from the record, should have been more favorable to the defendant. 6th. Because attorney for the defence was not notified when the court was going to sentence the defendant." The motion for a new trial was based upon grounds now included in exceptions on appeal, and, therefore, need not be separately considered under the first exception above, to wit, that his honor erred in refusing to grant a new trial.

Was it error in not having the prisoner arraigned? Grand larceny is one of the offences specified in section 2641, General Statutes, in which arraignment is proper and necessary. But the arraignment, if it is ordered, takes place at the beginning of the trial, and before the value of the property is ascertained. Such being the fact, the only guide for the judge is the value alleged in the indictment. And if the charge in the indictment be that of petit larceny, or, in other words, of larceny of property, stated in the indictment to be under the value of $20, the judge could not order, or allow, an arraignment in the first instance. Here, as we have said, the value of the cow was alleged in the indictment to be $15. There was, therefore, no error in the beginning to allow the case to proceed without arraignment.

Nor do we think there was error in refusing a new trial after conviction, on the ground that the testimony developed a value over twenty dollars, for the reason that the testimony in the case does not seem to have established that fact conclusively. One of the witnesses, it is true, said the cow was worth $25, but it appears that she was sold for $15. The defendant has been indicted and tried under charge of stealing a cow below the value of $20, to wit, of petit larceny. The jury has found him guilty, and the judge has refused a new trial upon the testimony. Under these circumstances, even if the testimony were much stronger as to the value of the cow than it is, this court would not be warranted in interfering. This ground of appeal is overruled.

As to the 3rd exception—alleging error to the judge, "in that he permitted the witness, Sauls, after objection, to give in evidence what he, Sauls, had heard." We do not find that this

exception is sustained by the facts.    On the contrary, the judge sustained the defendant's objection, and directly ruled that the witness "could not tell what anybody else said"; which ruling was recognized by the defendant in one of his grounds for a new trial in the motion made before the Circuit Judge, in which he stated that, "in spite of the rulings of his honor, the witness, Sauls, brought in considerable hearsay evidence."    We do not think the remedy for this irregularity was by appeal.

4th. That his honor erred in refusing to permit defendant's attorney to ask witness Eaddy a question before he knew what the question proposed was.    The statement about this matter in the "Case" is not very clear; we suppose, however, that the question was a leading question, and was, therefore, properly ruled out.

The other two exceptions raise no legal question.

It is urged, however, that section 2489, General Statutes, which provides that larceny of any horse, mule, cow, hog, or any other live stock, shall be punished by imprisonment in the State penitentiary at hard labor for a period of not less than one year, nor more than ten years, and such fine as the court in its discretion might impose, and under which the defendant was tried and convicted, was repealed by the act of December 24, 1887, which amended section 2498 of General Statutes on the subject of simple larceny of property under the value of $20, by providing that the punishment in such cases should be imprisonment in the county jail for not more than thirty days, or by fine of not more than one hundred dollars, and, consequently, that the Court of General Sessions had no jurisdiction in this case, it being a case of petit larceny under the value of $20, and punishable within the jurisdiction of a trial justice.    It will be observed, that section 2489, *supra,* made larceny of the live stock mentioned therein, without regard to the value of said live stock, punishable at hard labor in the penitentiary for not less than one year nor more than ten years, &c., thus drawing a distinction between larceny of live stock and larceny of other personal goods and chattels.    Section 2498, *supra,* which is found in the same chapter of the General Statutes with section 2489, *supra,* simply declared that a simple larceny of personalty under the value of $20 should be a misde-

meanor and considered a petit larceny, but no definite punishment was affixed by this act to such an offence. On the contrary, it was left punishable, as at common law, at the discretion of the court, while a larceny of live stock, whether of the value of $20 or less, was punishable, as stated above, under section 2489, with imprisonment in the penitentiary, &c., as stated above.

Under these circumstances, the act of December 24, 1887, was passed, amending section 2498 by declaring that the punishment of simple larceny mentioned therein under $20 should be imprisonment in the county jail for not more than thirty days, or a fine of not more than $100. Now, did the general assembly intend, by this amendment, to repeal section 2489, and to make a larceny of live stock, under the value of $20, a petit larceny, and punishable, as any other petit larceny under the provisions of said amendment, by imprisonment only for thirty days in the county jail, or a fine of not more than $100, thus placing such offence within the jurisdiction of a trial justice? We think not. These two sections, to wit, section 2489 and section 2498, as amended by the act of December 24, 1887, must be construed as applying to different offences. Section 2489 had separated the offence of larceny of live stock from all other larcenies, and had affixed a very severe punishment thereto; while section 2498 before the amendment did nothing more than to declare what should constitute a petit larceny. The act of December 24, 1887, does not propose to amend in any way section 2489, but it did propose to amend section 2498, and was, in fact, incorporated therein, and made a part thereof.

Suppose that section 2498 had originally been couched in the same terms as now since the amendment, with section 2489 standing as a section of the same chapter, to wit, "Offences against property," could it be said that the latter section repealed the first? Or, would it not be more reasonable to suppose, that the punishment provided in section 2498 was intended for petit larcenies, other than that of live stock, which, under section 2489, was inhibited by a severe punishment, and that without regard to the value of the stock stolen? If so, we do not see that a subsequent amendment, affecting the same end, would change in this respect the meaning and intent of the section.

In the case of *State* v. *Corley* (13 S. C., 1), it was held that the act of 1878, now section 2489, *supra*, repealed so much of the act of 1866, now section 2498, *supra*, as embraced live stock; and that the act of 1878 placed larcenies of live stock on a different category from larceny of other personal property. The amendment of December 24, 1887, *supra*, refers in terms to, and, as we have said, is incoporated in, and made a part of, the act of 1866, now section 2498 of the General Statutes, and we must suppose it was intended to apply only to larcenies other than of live stock, which latter is still under section 2489.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.